## OGDEN, WADLINGTON & CO. v. POWELL.

1. To justify a sheriff in discharging a levy already made, or in refusing to levy because the plaintiff in execution did not at his requisition execute a bond of indemnity, he must show that a doubt exists of the title of the defendant in execution to the property, by proving, either that the title to the property is in another, or that some third person asserts a title to it.

Error to the Circuit Court of Coosa.

THIS was a motion against the defendant as sheriff, by the plaintiffs in error, and comes before this Court on a case agreed, presenting the following facts: The plaintiff and A. Pope & Son, each obtained judgment against one Holman F. Simmons at the same term of the Court. Executions were issued on both judgments, came to the sheriff's hands, and were levied on a female slave, a slave named Ben, a wagon and pleasure carriage, as the property of Simmons. A third person set up a claim to the female slave, the carriage and wagon, but asserted no title to the negro Ben, who at the time of the levy, and long before, was in the possession, under the control, and ostensibly the property of the defendant in execution. The slave Ben was sold under the levies. The sheriff, a short time after the levy, required by notice in writing from Pope & Son and the plaintiffs, a bond of indemnity for his protection in selling the slave under the statute. Pope & Son executed a bond of indemnity, but the plaintiffs failed to execute any. The plaintiff proved a demand of the sheriff, and refusal.

Upon this state of facts, the Court decided that the plaintiff was not entitled to any of the proceeds of the sale of the slave, and gave judgment for the sheriff, from which this writ is prosecuted. This is now assigned as error.

MORRIS, for the plaintiff in error, relied on the statute. [Clay's Dig. 209, § 44; 210, § 50.]

ORMOND, J.—At common law the sheriff has the power to impannel a jury to inquire as to the title of property supposed to belong to the defendant in execution. The law sup-

posed that the verdict of the jury would ascertain the fact, so
as to enable him to act without risk; but if it turned out that
the property did not belong to the defendant in execution, the
verdict would not protect him against an action of trespass by
the true owner, though it would have justified *him* in return-
ing *nulla bona*, if the jury had found that it did not belong to
the defendant in execution. [Glossop v. Pole, 3 M. & S. 175.]
As therefore the sheriff must act at his peril, where a real doubt
exists as to the title of the property, so as to make it hazard-
ous for the sheriff to act, either by selling, or refusing to sell,
the Court will protect him by enlarging the time for making
his return, until the parties indemnify him, or by a suit settle
the title.

The Court will not, however, interfere except in cases of
real doubt, and difficulty. In the case of Wells v. Pickman,
7 T. R. 177, Lord Kenyon says, "It has been said, that if the
present application be successful, we shall establish a general
rule, that where there are contending parties, the Court will
interpose in all cases in favor of the sheriff, but I desire to
have it distinctly understood that we lay down no such gener-
al rule; each case must depend on its own particular circum-
stances; and here I think there is sufficient reason to induce
us to interfere." So in Etcholls v. Lovatt, 9th Price, 54,
Baron Graham observed, that he "considered this as one of
the cases wherein the sheriff must necessarily act at his peril;
for if the Court should interfere on such slight grounds, plain-
tiffs might frequently be injuriously delayed on pretences, and
as the sheriff had the power to summon a jury for his infor-
mation, he ought to be compelled to make his return forth-
with." [See also Saunders v. Bridges, 3 Barn. & A. 95.]

In this State the Legislature have acted on the subject. In
1807 an act was passed to the following effect: "If any sher-
iff shall levy an execution on property, and a doubt shall
arise whether the right of such property is in the debtor or
not, such sheriff may apply to the plaintiff, his attorney or
agent for his bond, with good security, for indemnification for the
sale of the property seized; which, if the plaintiff, his attorney
or agent refuses or fails to do, within ten days after such appli-
cation, the sheriff or other officer shall be justified in delivering
up such property to the party from whose possession it was

Ogden, Wadlington & Co. v. Powell.

taken." [Clay's Dig. 210, § 50.] And again, in 1828 : "If the title to property levied on be so doubtful as to induce the sheriff to require a bond of indemnity, if the party having the prior *lien* should fail or refuse to give such bond, then the person having the next *lien* shall be authorized to give such bond, and have the property sold for his benefit." [Clay's Dig. 209, § 44.]

We cannot think that the Legislature intended to make such a radical change in the law, as to make the sheriff the exclusive judge of the "doubt," as to the title of the defendant in execution to the property levied on, and to authorize him at his pleasure to require a bond of indemnity. To justify him in discharging a levy after it is made, or in refusing to levy, because a bond of indemnity is not executed, he must show that a real doubt exists as to the title of the property. We are not to be understood, as saying, that the sheriff will have to prove that the title is not in the defendant in execution. It would be sufficient if he could show, either that the title was in another, or that some third person asserted a title to the property. The Legislature never intended that the sheriff should act upon suspicion, or conjecture, or as caprice might dictate; if so, in the language of one of the cases cited, "plaintiffs might frequently be injuriously delayed on pretences."

From this examination, it appears that there was no sufficient reason shown by the sheriff for demanding a bond of indemnity, and therefore he had no authority for discharging the levy made on the plaintiff's execution. Let the judgment be reversed and the cause remanded.