## McGEHEE v. CHANDLER ET ALS.

1. If a sheriff entertains real doubt, as to whether property, in the possession of a defendant, is liable to an execution in his hands, he may demand a bond of indemnity from the plaintiff, before levy made, and if the plaintiff, on such demand, refuses to indemnify him, he is not liable for failing to make the money on the execution.

Error to the Circuit Court of Perry.   Before the Hon. John D. Phelan.

THIS was a motion by plaintiff in error, against defendant, as sheriff of Perry county, and his securities, for failing to make the money on an execution in his hands in favor of plaintiff, against one Hopkins.   It appears from the bill of exceptions, that after the plaintiff had proved that during the time the execution was in the sheriff's hands, Hopkins had in possession property sufficient to pay and satisfy the execution, the defendant introduced in evidence a deed of trust from said Hopkins to one Lockhart, of all the property he had in his possession, which deed was of a date prior to that of the execution, and was made to secure debts due by him to sundry persons, and proved, that the trustee in the deed had, before the issuance of the execution, forbid his levying on any of said property, and that after the execution came to his hands, he had notified the plaintiff that he had doubts as to the liability of the property to the execution, and that he would not levy without a bond of indemnity; which the plaintiff refused to give.   The court charged the jury, that if the sheriff entertained doubts as to the liability of the property, he had a right to demand a bond of indemnity from

the plaintiff, before he levied the execution, and that if he made such demand, and the plaintiff refused to indemnify him, he could not make him and his securities liable for failing to make the money on the execution.　To this charge the plaintiff excepted, and now assigns it as error.

BROOKS & BYRD, for the plaintiff in error.

1. At common law, the sheriff, if he doubted that the goods were liable to the execution, might summon a jury to satisfy himself.　Allen on Sheriffs, 152; 8 Bacon, 705.　But the plaintiff in execution is never bound to tender an indemnity, until the jury have passed on the right of property.　Curtis v. Patterson, 8 Cowen, 67; Jessup v. Brown, 2 Gill & Johns. 404.

2. The statute alters the common law, so far only, as to authorize the sheriff, after a levy, to discharge the same, in case of doubt, unless a bond of indemnity is given in ten days after notice.　See Clay's Dig. 210, § 50.　But the sheriff cannot require the bond before the levy.

A. B. MOORE, contra.

1. If a sheriff has a real doubt as to whether the [title to property is in the defendant in execution, he may demand a bond of indemnity of the plaintiff, and if he refuses to give it, the sheriff is justifiable in refusing to levy the execution. See 7 Ma. Rep. 243; 9 Porter, 481.

2. At the common law, the sheriff could only summon a jury to try the right to property, where an actual levy has been made.　See 8 Cowen, 65; 10 Johnson, 98; 15 ib. 147.

3. There could be no sound reason for permitting a sheriff, when he has real doubts as to the title of property being in the defendant in execution, to demand a bond of indemnity after he has made a levy, and not permit him, if his doubts arise before the levy, to demand a bond.

DARGAN, J.—I think the question presented by the bill of exceptions, has been settled by the adjudications of this court.　In the case of Robertson v. Beavers, 3 Porter, 386, it is said, "if the sheriff had doubts as to the right of the property, he might have required bond of indemnity from the

McGehee v. Chandler et als.

plaintiff, or his agent, but not having done that, but having omitted to levy, he was bound to show due diligence in endeavoring to collect the money. And in the case of Minter v. Bigelow & Co. 9 Porter, 482, it is said, that "if a sheriff return an execution *no property*, it is incumbent on the plaintiff to show, that the return is presumptively false. This may be done, by showing that the defendant was in possession of property, and if he is not the owner of it, or if it is not subject to the payment of the defendant's debts, it will devolve on the sheriff to show that such was its condition. But he will however be relieved from this burthen, if he has used the precaution, whilst the execution was in his hands, to require a bond of indemnity from the plaintiff, who has declined to give it. So also, in Ogden, Wadlington & Co. v. Powell, 7 Ala. 243, it is said, "that to justify a sheriff in releasing a levy already made, or in refusing to levy because the plaintiff in execution would not execute a bond of indemnity, he must show that a real doubt existed as to the title of the property. I admit, that this is a liberal construction of the act of 1807, (Clay's Dig. 207,) the language of which, is, "if any sheriff shall levy an execution on property, and a doubt shall arise whether the right of the property is in the debtor, the sheriff may apply to the plaintiff, his agent, or attorney, for bond and security, for his indemninification for the sale of the property," &c. Yet as this court has construed this act, as giving the sheriff the right before the levy is made, to demand indemnity, if real doubts as to the title of the property exist, we think it better to rely on the principle of *stare decisis*, than to adopt a more rigid rule of construction, especially as the practice has prevailed heretofore, of giving indemnity to the sheriff in cases of doubt, if required by him, before the levy is made. We therefore must hold, that if a sheriff, having real doubts, whether the property in the defendant's possession be subject to the execution, applies to the plaintiff for indemnity before levy, who refuses to give any, he may, for such refusal, return the execution "no property."

Under this view, there is no error in the record, and the judgment must be affirmed.